UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORTHSTAR DISPOSAL SERVICES VI, LLC., | ) ) ) | CASE NO.4:16MC0056 4:16MC0057 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | |
| ANTHONY J. DEGIROLAMO, | ) ) | OPINION AND ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Movant Northstar Disposal Services VI, LLC.'s Motion to Withdraw Bankruptcy Reference in the two above-captioned cases.  For the following reasons, the Motions to Withdraw the Bankruptcy Reference in both case 16MC56 and 16MC57 are denied as premature and the cases are returned to the Bankruptcy Court.

On September 29, 2016, Movant Northstar Disposal Services VI, LLC., moved to Withdraw the Bankruptcy Reference of two fraudulent conveyance actions brought by the Chapter 7 Bankruptcy Trustee of the substantively consolidated bankruptcy estates of Debtors D & L Energy, Inc. and Petroflow, Inc.  Movant has asserted its right to a jury trial in both actions, has not asserted a claim against the debtors' estate and has not consented to have the

Bankruptcy Court hear the case.

The Trustee objects to withdrawing the reference, contending that the fraudulent transfer actions are "core"matters under 28 U.S.C. § 157(a)(2)(H) and are in the early stages of the proceedings with discovery only just beginning.  The Trustee argues that just because a party asserts its right to a jury trial does not mean a bankruptcy court must concede its jurisdiction.  Instead, the bankruptcy court should preside over the matter until it is "trial ready" as this best fulfills Congressional intent that bankruptcy courts hear Title 11 actions.  It further promotes judicial economy.

Northstar replies that recent Supreme Court precedent holds that certain core proceedings may not be finally adjudicated by bankruptcy courts if they implicate private and not public rights.  These private rights include fraudulent conveyance claims against noncreditors.  Because such a 'core" proceeding will only permit the bankruptcy court to issue proposed findings of fact and conclusions of law to the district court, withdrawal of the reference is appropriate since the district court will inevitably be required to make a final determination.

## LAW AND ANALYSIS

### 28 U.S.C. § 157

28 U.S.C. § 157(d) of the Bankruptcy Code authorizes the District Court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  In the instant matter, no party has demonstrated the factors requiring mandatory withdrawal; therefore, withdrawal of the reference is discretionary and dependent upon a showing of cause.  Neither the Bankruptcy

Code nor the Sixth Circuit has defined "cause."  However, courts have formulated a non-exhaustive list of factors for the District Court to consider, including judicial economy; uniformity in bankruptcy administration; reducing forum-shopping and confusion; conserving debtor and creditor resources; expediting the bankruptcy process; whether jury trial has been requested; and whether the proceeding is core or non-core.  *See Oasis Corp. v. Burrows,* 2008 WL 2473496, *1 (S.D.Ohio June 18, 2008); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *see also Orion Pictures Corp. v. Showtime Networks*, *Inc. (In re Orion Pictures Group)*, 4 F.3d 1095, 1101-02 (2nd Cir. 1993).  The moving party bears the burden of demonstrating that the reference should be withdrawn.  *In re Michigan Real Estate Ins. Trust*, 87 B.R. 447 (E.D.Mich.1988); *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996).

**<u>Core or Non-Core Proceeding</u>**

Pursuant to 28 U.S.C. § 157(b)(3), "[t]he bankruptcy judge ***shall*** determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.  A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law."  (Emphasis added).  "The question of whether a proceeding is core or non-core is appropriately decided by the bankruptcy court, and it is a central question to the determination of a motion to withdraw reference." *Messinger v. Chubb Group of Ins. Cos*., Case No.1:06mc121, 2007 WL 1466835 at *2 (N.D.Ohio May 16, 2007).

The Bankruptcy Court has not expressly declared whether these Adversary

Proceedings are core or non-core, however, both parties appear to concede the matter is a core proceeding under 28 U.S.C. 157(b)(2)(H), which includes as a core proceeding those "proceedings to determine, avoid, or recover fraudulent conveyances." Normally, a bankruptcy court has the authority to make a final determination on a core proceeding pursuant to 28 U.S.C. §157 which reads in pertinent part:

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

However, in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the United States Supreme Court determined that the bankruptcy court lacked authority under Article III of the United States Constitution to enter final judgment on a tortious interference counterclaim. Although the counterclaim was a core proceeding under the Bankruptcy Act it arose under state common law, was between two private parties, did not flow from the federal statutory scheme, was not a matter of public right and would not necessarily be resolved by ruling on a proof of claim. Although *Stern* was limited solely to a state law counterclaim, a subsequent decision in *Executive Benefits Insurance Agency v. Arkison*, 134 S.Ct. 2165 (2014) determined that fraudulent conveyance actions under Title 11 are not matters of public right and a defendant subject to such an action is entitled to a jury trial. While the Supreme Court in *Arkison* did not determine that a fraudulent transfer claim was a *Stern* claim -i.e.- the bankruptcy court lacked constitutional authority to enter final judgment- it did conclude that a de novo review of the bankruptcy court judgment cured any error.

Furthermore, the Supreme Court determined that bankruptcy courts are not

"powerless" to hear *Stern* claims.  In fact, the Supreme Court expressly determined that district courts are not required to hear all *Stern* claims in the first instance but instead may still rely on the bankruptcy court's initial consideration of the issue.   In reaching this conclusion, the Supreme Court determined that if a court determines an otherwise core proceeding is a *Stern* claim "the bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment."  *Id.* at 2173.

Therefore, the Court finds that withdrawal is premature at this time.   The Bankruptcy Court retains the authority to preside over a fraudulent conveyance claim and make a determination on whether the matter is a core or non-core proceeding.  This determination includes the authority to further determine, if the claim is a core proceeding, that it is or is not a *Stern* claim.  Based on that determination, the Bankruptcy Court may decide whether to issue a final judgment or submit proposed findings of fact and conclusions of law for the District Court to consider.  Should the District Court disagree with the Bankruptcy Court's finding whether the claim is a *Stern* claim or not, de novo review will resolve any issues of constitutional authority.

**Judicial Economy and Uniformity in Bankruptcy Administration**

Assuming that the proceeding is a *Stern* claim and Defendant has the right to a jury trial on the claims asserted against it in the Adversary Complaints, the withdrawal is still inappropriate because the litigation of the Adversary Proceedings is in its early stages and is not "trial-ready."  *In re Enron Corp.*, 318 B.R. 273, 275 (S.D.N.Y. 2004).  Fact discovery is in its infancy and the parties have not apprised this Court that dispositive motion or expert

dates have been set and a review of the Bankruptcy docket does not demonstrate that a discovery schedule has been set. Thus, the Bankruptcy Court is in a superior position to manage and handle these pre-trial proceedings.

Considerable time, effort and resources would need to be marshaled to familiarize the District Court with the issues raised in this adversary proceeding. On the other hand, the Bankruptcy Court is fully acquainted with the parties, claims and proceedings since the Petition was filed in 2013. It would not serve the parties, the two tribunals, nor judicial economy, in general, to wrench the contested matter from the Bankruptcy Court at this time.

## **CONCLUSION**

Defendant has not met its burden of demonstrating the references should be withdrawn. Because the Bankruptcy Court has never determined whether the Adversary Proceeding is core or non-core and if core, whether it is a *Stern* claim; because the matter is not "trial-ready;" and because the policies of judicial economy and bankruptcy administration militate against withdrawal, Defendant's Motions to Withdraw Reference in Adversary Proceeding No.'s16-04039 and 16-04049 are premature. Therefore, the Court denies Movant's Motions to Withdraw the Bankruptcy Reference in both 16MC0056 and 16MC0057.

IT IS SO ORDERED.

    /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: October 27, 2016